# Allegheny By-Product Co., Appellant, *v.* J. H. Hillman & Sons Co.

*Principal and agent—Sales agent—Accounting — Price — War order.*

1. Where a contract between a coke company and its sales agent, a corporation, gave the agent the authority to dispose of certain quantities of coke for a certain future period, the agent to account for the price at which the coke was charged to it, and receive commissions on the sales, the agent cannot be charged for sums which it received in excess of the amounts charged to it, by reason of the rise in the market price of the coke.

2. Where in such case, it appears that the agent had contracted to sell coke at a price higher than that fixed by the government war order, and that this contract was made prior to the govern-

ment order, but was enforceable under the order because made prior to it, the principal cannot collect, from the agent, a sum which was the difference between the price of the coal charged to it after the order went into effect, and the price which it actually received for the coke under the contract made prior in date to the order.

Argued May 23, 1922. Appeal, No. 105, Oct. T., 1922, by plaintiff, from decree of C. P. Allegheny Co., July T., 1919, No. 388, on bill in equity, in case of Allegheny By-Product Coke Co. v. J. H. Hillman & Sons Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for accounting. Before SHAFER, P. J. Exceptions to decree directing accounting.
The opinion of the Supreme Court states the facts.
Exceptions dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*George H. Calvert,* of *Calvert, Thompson & Wilson,* and *David A. Reed,* of *Reed, Smith, Shaw & Beale,* with them *Tolles, Hogsett, Ginn & Morley, Clark McKercher, Gardner Abbott, Donald Thompson* and *George B. Berger,* for appellant.

*Thomas Patterson,* of *Patterson, Crawford, Miller & Arensberg,* with him *Thomas Watson,* and *Robert M. Steffler,* for appellee.

OPINION BY MR. JUSTICE SADLER, September 25, 1922:
This appeal is from the same decree as that considered in the preceding case, and a repetition of the facts involved is unnecessary. It will be remembered that the output of the plaintiff was sold through the defendant, and the transactions were in most cases evidenced by contracts covering periods of six months, and known as C, D, E and F. In form these agreements were sales of

definite amounts to Hillman & Sons Company, the exclusive distributing agent of the plaintiff. The coke so provided for was then allotted by the defendant to buyers with whom it had made arrangements to purchase. The purpose of the agreements was to make certain that the defendant would have a supply sufficient to meet the obligations which it assumed. Both parties were benefited by this arrangement, the plaintiff in this way being assured of an outlet for a definite amount of its coke at a fixed price. Though on the face of the papers the transactions appear to be sales from one to the other, and there is no allegation, in the bill, of fraud, accident or mistake in their execution,—the effect of which need not however be discussed under the circumstances here appearing,—yet the court has found: "Their intent and effect was to give the defendant as agent authority to dispose of certain quantities of coke for a certain future period, coupled with an interest in it which would prevent a revocation of it by the principal, and to assure the plaintiff a certain price for its coke for a certain time," and were made so that the agency contract might be carried out in such a way as to protect the rights of both parties thereto.

It is frankly admitted by the appellant in its argument that the prices obtained under contracts C, D and E were fair at the time of the making, but it is insisted that delays in shipment worked for the benefit of the defendant, since the price of coke during the period covered was constantly ascending. It has been found that the arrangements were in good faith, having for their purpose solely the protection of both plaintiff and defendant, and for this reason an accounting was refused, though the agent was directed to repay the freight differentials retained, and certain wage advances received. These findings of fact are justified by the evidence of record, and are not therefore to be disturbed upon appeal. Though the agent must account to his principal, and must not ordinarily buy for himself, yet

there is no reason, when facts are disclosed, why an arrangement such as was here concluded should not be upheld. The plaintiff was desirous of selling its coke; the defendant wished to protect itself in the promised deliveries. The price agreed upon was that which controlled at the time in the open market. Had it fallen instead of risen, the agent would clearly have been responsible for the sum which it had agreed to pay, and the court below properly held that it could not be compelled to account for a larger amount when the market value of the product increased.

One other contract, known as F, stands on a somewhat different footing. Prior to the governmental order fixing the maximum to be charged for coke during the war period, at $6 per ton, the defendant company had entered into an agreement to sell a certain quantity at a larger price, and, under the proclamation, such contracts remained enforceable. All sales subsequently made were limited to the sum named, and it was declared unlawful to ask a larger amount after the federal regulation became effective. The defendant entered into the contract in question, and used the coke received thereunder in fulfillment of its prior agreement, and received therefor the consideration stipulated in its contract, which was in excess of $6 per ton. It would have been legally impossible for the plaintiff at the time contract F was entered into, to sell its coke for more than was paid to it, and as a result the court below concluded that no accounting for a larger price could be demanded. It did not appear that the defendant, when it made its arrangements with the purchaser, was acting in the transaction for the plaintiff, and it is to be remembered that it was generally engaged in the business of buying and selling coke and coal for its own account as well as for others for whom it was agent, a fact known to the plaintiff company. Under these circumstances, the conclusion reached by the court below must be sustained.

The assignments of error are overruled, and the appeal is dismissed at the cost of appellant.